IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00083-CR

 

Jack Georgelee Hance,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 30919CR/A

 



Opinion










 

            Jack Georgelee Hance was convicted in
1985 of aggravated sexual abuse.  He was required to register as a sex offender
for his lifetime.  On December 14, 2006, Hance was convicted of two counts of
failure to comply with the registration requirements as a sex offender and
sentenced to seven years in prison.  Because the evidence is both legally and
factually sufficient to support the convictions under Counts One and Two, we
affirm the trial court’s judgment.

Background

            After being released from prison in
2006 following a conviction for driving while intoxicated, Hance arrived at the
Ellis County Sheriff’s Office to register.  Deputy Green reviewed the
registration paperwork with Hance while Deputy McKinney observed.  McKinney was training to replace Green.[1]  When
Hance did not report to the Sheriff’s Office within 30 days to show that he had
obtained an annually renewed driver’s license, a warrant was issued for his
arrest.  While deputies were attempting to serve the warrant at Hance’s
residence, McKinney received a phone call from Hance informing McKinney that Hance now had a job.  The deputies then arrested Hance at his place of work. 


Standards of Review

            Each of Hance’s five issues on appeal
involves either a legal sufficiency of the evidence challenge or a factual
sufficiency of the evidence challenge.  The standards of review are provided as
follows.

            In reviewing the legal sufficiency of
the evidence, this Court looks at all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979).  
A legal sufficiency of the evidence review does not involve any weighing of
favorable and non-favorable evidence.  Margraves v. State, 34 S.W.3d
912, 917 (Tex. Crim. App. 2000).  Courts reviewing all the evidence in a light
favorable to the verdict must assume jurors made all inferences in favor of
their verdict if reasonable minds could, and disregard all other inferences in
their legal sufficiency review.  Evans v. State, 202 S.W.3d 158, 165
n.27 (Tex. Crim. App. 2006).  When faced with conflicting evidence, the
reviewing court presumes the trier of fact resolved any such conflict in favor
of the prosecution.  Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999.

            In a factual sufficiency review, the
evidence is reviewed in a neutral light . . . ." Roberts v. State,
220 S.W.3d 521, 524 (Tex. Crim. App. 2007); accord Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000).  "There is only one question to be
answered in a factual sufficiency review: Considering all of the evidence in a
neutral light, was a jury rationally justified in finding guilt beyond a
reasonable doubt?"  Watson v. State, 204 S.W.3d 404, 415 (Tex.
Crim. App. 2006) (quoting Zuniga v. State, 144 S.W.3d 477, 484 (Tex.
Crim. App. 2004), overruled on other grounds, Watson at 405). 
"Evidence is factually insufficient when . . . the evidence is 'so weak'
that the verdict 'seems clearly wrong or manifestly unjust,' or the verdict is
'against the great weight and preponderance of the evidence.'"  Castillo
v. State, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007) (quoting Watson
at 414-15, 417). "[A]n appellate court must first be able to say, with some
objective basis in the record, that the great weight and preponderance of the .
. . evidence contradicts the jury's verdict before it is justified in
exercising its appellate fact jurisdiction to order a new trial."  Watson
at 417.

Variance

            In his first issue, Hance contends the
evidence was legally insufficient to support his conviction under both counts
because the State failed to prove that Hance failed to register with the local
law enforcement agency in the municipality of Ellis County.  Hance complains
that he intended to reside in Ellis County and that Ellis County is not a
municipality.[2]  In
essence, Hance is making a sufficiency of the evidence claim based upon a
variance between the indictment and the proof at trial.

            When faced with a sufficiency of the
evidence claim based upon a variance between the indictment and the proof, only
a material variance will render the evidence insufficient.  Gollihar v.
State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001).  Allegations giving rise
to an immaterial variance may then be disregarded in a hypothetically correct
jury charge but allegations giving rise to material variances must be
included.  Id.  When reviewing a variance between the indictment and the
proof, we must determine whether the indictment, as written, informed the
defendant of the charge against him sufficiently to allow him to prepare an
adequate defense at trial, and whether prosecution under the deficiently
drafted indictment would subject the defendant to the risk of being prosecuted
later for the same crime.  Id.

            There is no indication in the record
that Hance was confused about where he was required to register or about what
offense the State was charging him with.  Hance also did not attempt to raise a
defense that the State misidentified which place he was to register.  His only
defense was that he tried to register but he could not get anyone to answer the
phone in order to schedule an appointment.  Also, Hance is in no danger of
being prosecuted again for the same failures alleged but in the county of Ellis, as proved.  Therefore, we hold the variance was not material and
should be disregarded in a sufficiency of the evidence review under a
hypothetically correct jury charge.  

            Hance’s insufficiency claim is based
solely on the variance; and he necessarily admits that the State proved he was
required to register in Ellis County.  Thus, the evidence is legally sufficient
and his first issue is overruled.

Employment Status

            In his second and third issues, Hance
contends the evidence is legally and factually insufficient to support the
conviction in Count One for failing to report a change in employment status
within seven days.

            According to article 62.057, Hance was
required to notify the Ellis County Sheriff’s Office of any change in his job
status not later than the seventh day after the date of the change.  Tex. Code Crim. Proc. Ann. art
62.057(b) (Vernon 2006).  A job status changes when a person begins employment
with a new employer.  Id. (c).  Hance was not employed when he initially
registered on April 17, 2006.  He became employed on May 10, 2006 when he went
to work for Boyce Feed and Grain.  On May 24, the day deputies were attempting
to serve the warrant for Hance’s arrest at his residence, Hance called McKinney to notify him that he was employed.  This was more than seven days after the date
Hance became employed.  McKinney denied that Hance ever attempted to contact
him about the change in Hance’s job status prior to May 24th. 

            Hance contends the evidence is both
legally and factually insufficient because he attempted to make contact with McKinney several times prior to May 24th.  He testified that Deputy Green, who was training
 McKinney for his position when Hance initially registered, would allow
registrants to report changes over the phone.  McKinney required registrants to
make an appointment to report changes.  Hance testified that he told Deputy
Green in person that he had acquired a job, but Green told him to make an
appointment with McKinney.  He further testified that he left messages about
seven times from the 10th to the 24th because no one ever answered the phone. 
He denied speaking to McKinney on the 24th.  Hance’s step father recalled Hance
trying to make a phone call during the lunch hour.  Hance told his step father
that he was calling the Sheriff’s Office.

             Reviewing the evidence under the
appropriate standard for legal sufficiency of the evidence, we presume that the
jury resolved the conflicts in the testimony against Hance.  Therefore, any
rational trier of fact could have found beyond a reasonable doubt that Hance
waited more than seven days to report a change in his job status.  The evidence
is legally sufficient to support the conviction under Count One, and Hance’s
second issue is overruled.

            Further, considering all of the
evidence in a neutral light, the jury was rationally justified in finding guilt
beyond a reasonable doubt.  The evidence that Hance failed to report a change
in his job status until May 24th was not 'so weak' that the verdict seems ‘clearly
wrong or manifestly unjust,’ or that the verdict is ‘against the great weight
and preponderance of the evidence.’  Hance’s third issue is overruled.

Vehicle Identification

            In his fourth and fifth issues, Hance
claims the evidence is legally and factually insufficient to support his
conviction in Count Two in that he failed to ensure that his registration form
was complete and accurate regarding his vehicle identification information.  

            Article 62.051(g) provides that a
person who is required to register shall ensure that the person’s registration
form is complete and accurate.  Tex.
Code Crim. Proc. Ann. art. 62.051(g) (Vernon 2006).  There is no time
limitation for this statute.  There is also no grace period provided for
compliance with this statute.

            Hance argues that because there were
no time limits within which he had to update his vehicle information, he did
not violate the statute.  He also argues that he did not need to update his
registration until his annual reporting time.  Although Hance testified that he
thought there was no time limit to update his vehicle information, he did not
testify that he believed he was not required to update the information until
his annual reporting time.  Hance further testified that he was warned that if
he drove a vehicle every day, he needed to bring it in to have it
photographed.  He admitted to driving the van at least 10 times.  That amount
of time is as many days as Hance worked.  And Hance did not say that he ever
accepted a ride from anyone in order to get to or from work.  He did not bring
the van in to be photographed and to update the vehicle information on his
registration until after he was arrested and released.

            Reviewing the record pursuant to the
appropriate standards, we find the evidence both legally and factually
sufficient to support the conviction under Count Two.  Hance’s fourth and fifth
issues are overruled.

Conclusion

            Having overruled each issue presented
for review, the trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed December 5, 2007

Publish

[CR25]









[1]
Green passed away in August of 2006.





[2]
Hance did not, at any time, object to this language in the indictment or in the
court’s charge.